UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ZIEGLER,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BETTY T. YEE, et al.,<br><br>　　　　　　　　　　Defendant. | Case No.: 17cv2483-LAB (BGS)<br><br>**ORDER DENYING LEAVE TO SEAL;**<br><br>**ORDER DIRECTING CLERK TO FILE COMPLAINT;**<br><br>**ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**ORDER OF DISMISSAL** |

**Sealing and Filing**

Plaintiff Robert Ziegler submitted his complaint for filing, along with a purported order, signed by him, directing that the case be sealed. For reasons discussed below, the case will not be sealed. The complaint violates a number of federal and local rules. Among them are Fed. R. Civ. P. 10(a) and Civil Local Rule 5(j)(1) and (3). Specifically, Ziegler identifies himself in the caption, not by his name, but by the phrase "i: a man". Because the papers were designated for filing under seal, they were forwarded to chambers rather than filed in a docket.

The papers Ziegler submitted make clear he wants to litigate claims, and he is seeking injunctive relief. Although his "order" says the case is to be maintained "under seal," the moving papers make several references to proceedings in "open court," so it is not clear he intends for his papers to be filed under seal in the usual legal sense. But even if that is what he means, the Court cannot accommodate his wishes.

There is a strong and well-established presumption of openness in judicial proceedings, and court records cannot routinely be closed to the public. *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025–26 (9th Cir. 2014).

> The party seeking to seal any part of a judicial record bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure. A party who seeks to seal an entire record faces an even heavier burden.

*Id.* at 1026 (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)). Ziegler made no effort to explain why his complaint should be filed under seal, so he has not met this heavy burden. Binding authority makes clear the Court is not permitted to seal judicial records without going through an analysis explaining why this heavy burden is met. *See, e.g., Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

Ziegler's attempted use of the pseudonym "i: a man" might be taken as a request that he be allowed to proceed anonymously. The anonymity of parties is connected to with the issue of the openness of proceedings, and the use of pseudonyms in litigation is not usually permitted. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). Ziegler has not attempted to show that any special circumstances make this necessary or appropriate. *See id.* at 1067–69 (discussing the standards for permitting parties to litigate anonymously).

/ / /

Furthermore, because he seeks injunctive relief, secrecy and anonymity are both impossible.  A party to be enjoined must be given notice of the Court's order and enough information to know what it means, so that she can obey it.  Issuing a secret injunction, or an injunction instructing a defendant how to behave towards some unidentified person would be an exercise in futility.

The Court construes Ziegler's "order" as a request for leave to proceed either under seal, or anonymously.  So construed, the request is **DENIED**.

By submitting a complaint and other related documents to the Court, Ziegler clearly indicated his intention to litigate.  But by suggesting that the case be filed under seal — which the Court cannot do — he has made contradictory requests, leaving the Court with the task of discerning what he wants, and how to proceed.

One possibility would be to order his documents not to be filed.  But the order rejecting them would itself be part of an open judicial proceeding, defeating the purpose of sealing.

Another possibility would be to reject his documents informally, mailing them back with some kind of private explanation about why they were being rejected. Doing so would be even less proper, because it would also involve *ex parte* communications between the Court and Ziegler, and would cast the Court in the role of Ziegler's legal advisor.  *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) (explaining that requiring district courts to take on the role of *pro se* litigants' legal advisors "would undermine district judges' role as impartial decisionmakers").

The third possibility would be to reject the complaint and other documents without explanation — in other words, simply throw them in the trash without saying anything. That is of course not how the Court does business. And in any event, it appears to be contrary to Ziegler's purpose in submitting the documents.

The one remaining option, therefore, is for Ziegler's documents to be filed openly in the docket.

/ / /

The Clerk is directed to open a docket in this case and to file the complaint in it. The document Ziegler has designated as his "claim," together with its exhibits and supporting documents should be filed as the complaint, and his "order" should be filed as a motion to seal and to proceed IFP. The docket and caption should name Robert Ziegler as the Plaintiff. All captions on any documents filed in this case in the future must also name Robert Ziegler as the Plaintiff, unless otherwise ordered by the Court.

**Failure to Pay Filing Fee**

All parties instituting any civil action in a U.S. district court, except an application for writ of habeas corpus, must pay a filing fee of $400, unless the Court has granted the plaintiff leave to proceed *in forma pauperis* ("IFP") as provided by 28 U.S.C. § 1915(a). *See* 28 U.S.C. § 1914(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

Ziegler's "order" also purported to direct that he be permitted to maintain this case without paying the filing fee or any other fees. The Court construes this as a request to proceed *in forma pauperis* ("IFP"). Because Ziegler does not explain why he cannot pay the filing fee, it is **DENIED**.

**Dismissal**

Because Ziegler has neither paid the filing fee nor been granted leave to proceed IFP, this action is **DISMISSED WITHOUT PREJUDICE**. No later than **January 20, 2018**, Ziegler must either pay the filing fee or submit a motion to proceed IFP that complies with 28 U.S.C. § 1915(a)(1). If he does not do so, this action will remain dismissed without leave to amend.

**IT IS SO ORDERED**.

Dated: January 4, 2018

Hon. Larry Alan Burns
United States District Judge